UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| DANIEL R STARK, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. C-08-88 |
| § | |
| TRT HOLDINGS DEVELOPMENT INC; § | |
| dba OMNI HOTELS § | |
| BAYFRONT/MARINA, § | |
| § | |
| Defendant. § | |

## MEMORANDUM OPINION AND ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL

In this lawsuit plaintiff, proceeding *pro se* and *in forma pauperis*, sues his former employer for discrimination and violation of the Americans with Disabilities Act (ADA) (D.E. 1). Plaintiff has not yet filled out the summons form and forwarded the same to the United States Marshal for service. Pending is plaintiff's motion for appointment of counsel (D.E. 4). The motion is denied without prejudice.

No constitutional right to appointment of counsel exists in civil rights cases. Wendell v. Asher, 162 F.3d 887, 892 (5th Cir. 1998); Akasike v. Fitzpatrick, 26 F.3d 510, 512 (5th Cir. 1994). A district court is not required to appoint counsel unless "exceptional circumstances" exist. Cupit v. Jones, 835 F.2d 82, 86 (5th Cir. 1987) (quoting Jackson v. Dallas Police Dep't, 811 F.2d 260, 261 (5th Cir. 1986)). Among the

factors that the Court should consider are: "(1) the type and complexity of the case; (2) whether the indigent is capable of adequately presenting his case; (3) whether the indigent is in a position to investigate adequately the case; and (4) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence. The court should also consider whether appointed counsel would aid in the efficient and equitable disposition of the case." Jackson, 811 F.2d at 262 (citing Ulmer v. Chancellor, 691 F.2d 209, 213 (5th Cir. 1982)).

Regarding the first factor, plaintiff's claims do not appear at this stage to be complex. Plaintiff provided very little detail in his complaint, but he does allege that his employment was terminated because of his race and in violation of the ADA (D.E.1).

The second and third factors are whether the plaintiff is in a position to adequately investigate and present his case. He claims he is severely mentally impaired, but fails to provide any specific information about his mental impairment. Plaintiff appeared for his *in forma pauperis* hearing. He appeared to be reasonably intelligent and articulate. He has thus far demonstrated that he is able to adequately communicate and file pleadings with the Court.

The fourth factor requires an examination of whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence. Plaintiff's action has not been scheduled for trial; consequently, at this time, the appointment of counsel for trial would be premature. Finally, there is no indication that appointing counsel would aid in the efficient and equitable disposition of the case.

No "exceptional circumstances" exist that warrant the appointment of counsel at this time. Thus, plaintiff's motion for appointment of counsel (D.E. 4), is denied without prejudice, subject to renewal should counsel be warranted at a later date.

ORDERED this 28th day of May, 2008.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE