UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DANIEL R STARK, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. C-08-88 |
| | § | |
| TRT HOLDINGS DEVELOPMENT INC; | § | |
| dba OMNI HOTELS | § | |
| BAYFRONT/MARINA, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER DENYING SECOND MOTION FOR APPOINTMENT OF COUNSEL

In this lawsuit plaintiff sues his former employer for discrimination and violation of the Americans with Disabilities Act (ADA) (D.E. 1). Plaintiff has not yet filled out the summons form and forwarded the same to the United States Marshal for service. Pending is plaintiff's second motion for appointment of counsel (D.E. 6). The motion is denied without prejudice.

No constitutional right to appointment of counsel exists in civil rights cases. Wendell v. Asher, 162 F.3d 887, 8892 (5th Cir. 1998); Akasike v. Fitzpatrick, 26 F.3d 510, 512 (5th Cir. 1994). A district court is not required to appoint counsel unless "exceptional circumstances" exist. 28 U.S.C. § 1915(e)(1); Cupit v. Jones, 835 F.2d 82, 86 (5th Cir. 1987).

A number of factors should be examined when determining whether to appoint counsel.  <u>Jackson v. Dallas Police Department</u>, 811 F.2d 260, 261-62 (5th Cir. 1986) (citing <u>Ulmer v. Chancellor</u>, 691 F.2d 209 (5th Cir. 1982)).  The first is the type and complexity of the case.  <u>Id.</u>  While serious, this case is not complex.  Plaintiff alleges that his employment was terminated because of his race and in violation of the ADA (D.E. 1).

The second and third factors are whether the plaintiff is in a position to adequately investigate and present the case.  <u>Id.</u>  Plaintiff attended his *in forma pauperis* hearing, and though he states he suffers from ADHD and other problems with his memory, he appeared to be reasonably intelligent and articulate.  He also demonstrated that he understood his claims.  Plaintiff is in a position to adequately investigate and present his case.

The fourth factor which should be examined is whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination.  <u>Id.</u>  A decision on this factor would be premature, as the case has not yet been scheduled for trial.  This factor will be re-examined if the case survives summary judgment.

Finally, there is no indication that appointed counsel would aid in the efficient and equitable disposition of the case.  The Court notes that it has the authority to award attorneys' fees to a prevailing plaintiff.  42 U.S.C. § 1988.  Plaintiff is not prohibited from hiring an attorney on a contingent-fee arrangement.  Plaintiff has not described any

attempts in his motion to hire an attorney. Plaintiff's second motion for appointment of counsel (D.E. 6) is denied without prejudice at this time.

    ORDERED this 6th day of June, 2008.

                                                           _____
                                                           B. JANICE ELLINGTON
                                                           UNITED STATES MAGISTRATE JUDGE