UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DANIEL R STARK, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. C-08-88 |
| | § | |
| TRT HOLDINGS DEVELOPMENT INC; | § | |
| dba OMNI HOTELS | § | |
| BAYFRONT/MARINA, | § | |
| | § | |
| Defendant. | § | |

**<u>MEMORANDUM OPINION AND ORDER DENYING MOTIONS FOR A MORE
DEFINITE STATEMENT AND GRANTING MOTIONS TO CONDUCT
DISCOVERY</u>**

Following his termination of employment with the Omni Hotels Management Corporation, d/b/a Omni Bayfront/Marina ("Omni"), plaintiff Daniel R. Stark, proceeding *pro se* and *in forma pauperis*, filed this lawsuit on January 14, 2008, asserting that he was terminated based on his race in violation of Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000e <u>*et seq*</u>., and in violation of his rights under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq*. ("ADA"). Defendant Omni Hotels Management Corporation has moved for a more definite statement from plaintiff (D.E. 40, 46). Plaintiff has filed several pleadings which purport to respond to the motion for a more definite statement (D.E. 44, 51, 53[1]).

---

[1] Plaintiff titles his motion, in part, a motion for a more definite statement, and the Clerk has docketed the pleading as a motion (D.E. 53). The pleading will not be treated as a motion for more definite statement; rather it will be treated as a response to the motion for a more definite statement. The Clerk shall terminate the pleading insofar as it purports to be a motion for a more definite statement.

If a complaint is ambiguous or does not contain sufficient information to allow a responsive pleading to be framed, the proper remedy is a motion for a more definite statement under Fed. R. Civ. P. 12(e).  Beanal v. Freeport-McMoran, Inc., 197 F.3d 161 (5th Cir. 1999) (citing 5 WRIGHT & MILLER, FED. PRACTICE & PROCEDURE: Civil § 1356 at 590-91).  In response to defendant's motions, plaintiff submitted a second amended complaint which names the proper defendant and contains significantly more factual allegations than his original complaint (D.E. 44).  The second amended complaint will be treated as plaintiff's live pleading, and defendant's motions for a more definite statement (D.E. 40, 46) are denied as moot.

Plaintiff also moves to conduct discovery (D.E. 51, 53).  The motions are granted, and an order setting deadlines will be entered.  According to the Local Rules for the Southern District of Texas, discovery and discovery requests are not filed with the court. LR5.5.  Plaintiff should send his discovery requests directly to counsel for the defendant.  If the defendant does not respond to plaintiff's discovery requests within thirty days, plaintiff may file a motion to compel with the court.  Fed. R. Civ. P. 37.

ORDERED this 3rd day of April, 2009.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE